# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| David Gordon Oppenheimer,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Crann ULL, LLC, Adam Van Lin, and DOES 1-5,<br><br>　　　　Defendant. | Civil Action No.: 2:24-cv-07377-BHH<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), by and through his attorneys, complains against Defendants, Crann ULL, LLC ("Crann"), Adam Van Lin ("Van Lin") and Does 1-5 (Crann, Van Lin, and Does 1-5 are referred to collectively herein as "Defendants"), and alleges as follows:

## NATURE OF THE SUIT

1. This is an action for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.* and violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201, *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the copyright claims and other claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3. Venue is proper in this Judicial District and Division pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a).

4. Upon information and belief, Defendant Crann is an entity operating in the State of South Carolina as a property management and real estate leasing firm maintaining a place of

business in Mount Pleasant, South Carolina at the times relevant to this action.

5. Defendant Crann is currently, or was at the time relevant to this action, actively engaged in promoting, advertising, marketing, and offering for sale its property management services, including short-term rental advertising and management services, or other real-estate services, *e.g.*, by and through certain Airbnb listings created and managed by Defendant Crann or its employees/agents, and/or Defendant Crann otherwise actively does business within this District.

6. Defendant Crann has sufficient contacts within this District to confer personal jurisdiction to this Court. Upon information and belief, Defendant Crann maintains its principal place of business in this District at 1162 Island View Dr., Mt Pleasant, South Carolina 29464, and Defendant Crann engaged in infringing and wrongful conduct in this District which gives rise to the claims asserted in this action.

7. Upon information and belief, Defendant Van Lin is a citizen and resident of Mount Pleasant, South Carolina and has engaged in business, including by providing property management services, including services related to advertising, rental and management of short-term-rental properties, within this District. Upon information and belief, Defendant Van Lin created, manages, and/or operates certain short-term-rental listings on the website www.airbnb.com through which he advertises and offers his property management services and/or the property management services of co-defendant Crann. Upon information and belief, Defendant Van Lin engaged in, or had the right to and did control, the infringing and wrongful conduct that occurred in this District which gives rise to the claims asserted in this action.

8. Defendants Does 1-5, are upon information and belief, citizens or residents of Charleston, South Carolina and have engaged in business, including by serving as the principals

2

or managers of Defendant Crann, and/or are property owners that used, supervised, controlled or had the right to control the wrongful actions of Defendants Crann and/or Van Lin within this District.  Defendant Does 1-5 engaged in, or had the right to and/or did control, or did direct or participate in the infringing and wrongful conduct that occurred in this District which gives rise to the claims asserted in this action.  The specific identity of all the person(s), principal(s) and/or manager(s) who controlled, had the right to control, directed or participated in the infringing and wrongful conduct of Crann and/or Van Lin are currently unknown to Plaintiff.

## THE PARTIES

9.      David Gordon Oppenheimer is a citizen and resident of Asheville, North Carolina.  Mr. Oppenheimer is a photographer that focuses on concert photography, aerial photography, and travel photography.  Mr. Oppenheimer spends substantial sums to create the unique photographs that he offers for sale or use via licensing, including, for example, costs to travel to desired, attractive, and scenic destinations to obtain and create his photographs.

10.     Crann ULL, LLC is an entity formed under the laws of and operating in the State of South Carolina, with its office or principal place of business at 1162 Island View Dr., Mt Pleasant, South Carolina 29464.

11.     Upon information and belief, Defendant Van Lin is a citizen and resident of Mt. Pleasant, South Carolina and owns and/or operates Defendant Crann.

## BACKGROUND

12.     In 2013, Plaintiff authored and created an aerial photograph of the Sea Cabins Oceanside Villas on the Isle of Palms, South Carolina (sometimes referred to herein as the "Protected Work") and registered the Protected Work with the federal Register of Copyrights and was assigned Copyright Registration Number VAu 1-142-190 with an effective date of

registration of August 31, 2013. The Protected Work is on deposit with the United States Copyright Office and as reflected by the copyright registration certificate.

13. A copy of the Protected Work is included herewith as Exhibit 1. The copyright registration certificate for VAu 1-142-190 is included herewith as Exhibit 2. An example of Defendants' infringing use the Protected Work is included herewith as Exhibit 3.

14. Plaintiff has incorporated or displayed the Protected Work on his website where the Protected Work is and continues to be available for print sales or licensing. Plaintiff's Protected Work has been available to and accessible by Defendants because Plaintiff's Protected Work has been publicly displayed in Plaintiff's advertising and marketing, for example, on Plaintiff's website, https://www.performanceimpressions.com.

15. Plaintiff's Protected Work was available to and accessible by Defendants such that Plaintiff's Protected Work has been used, copied, or otherwise appeared on a website created, controlled, and/or maintained by Defendants.

16. Plaintiff's authorized published versions of the Protected Work include certain copyright management information (referred to herein collectively as "CMI"), including with legible facial watermarks, embedded metadata, and/or adjacent captions identifying Plaintiff's ownership of the copyright in the Protected Work. Such copyright management information placed Defendants on notice of Plaintiff's rights in the Protected Work.

17. Despite the presence of copyright management information on Plaintiff's Protected Work, Defendants removed, directed the removal, approved the removal, failed to exercise reasonable care to prevent the removal, or otherwise participated in the removal of Plaintiff's copyright management information, including a watermark and/or metadata, from the Protected Work and distributed to and displayed the Protected Work on the Airbnb website,

through several webpages to promote and facilitate rental property listings at these infringing URLs: https://www.airbnb.com/rooms/32660728; https://www.airbnb.com/rooms/38543474; and https://www.airbnb.com/rooms/34577159 ("Infringing URLs") which were short-term rental listings created, owned, controlled and/or maintained by Defendants. In so doing, the Defendants acted with reckless disregard of Plaintiff's rights in his Protected Work and Defendants willfully and intentionally violated Plaintiff's rights in his Protected Work by using the Protected Work on the website created, owned, controlled and/or maintained by the Defendants.

18. Defendants Crann, and Van Lin, acted with reckless disregard for Plaintiff's rights in his Protected Work and Defendants willfully and intentionally violated Plaintiff's rights in his Protected Work by using the Protected Work on the webpages created, owned controlled and/or maintained by the Defendants.

19. As shown in Exhibit 3, in at least three instances, Defendants copied, distributed, and/or displayed the Protected Work without license or permission on the website listings created, controlled, and/or operated by Defendants. The display of the Protected Work is evidence of willful infringement because the photograph was copied and displayed despite Defendants' knowledge of Plaintiff's copyright.

20. One or more copies of the Protected Work were hosted by Defendants on a server associated with Defendants' Airbnb listings. Despite the presence of CMI on Plaintiff's Protected Work and Defendants' knowledge of such CMI (e.g., the watermark shown at Exhibit 1), one or more of the Defendants intentionally removed or cropped out Plaintiff's CMI, including the facial watermark from the Protected Work as distributed to and displayed at the infringing URLs listed above that was created, controlled, and/or maintained by Defendants

5

(See, e.g., Exhibit 3). Defendants distributed or displayed the Protected Work knowing that the CMI (e.g., a watermark and metadata with notices of copyright) had been removed or obscured from display in at least one infringing copy. In so doing, Defendants acted with reckless disregard of Plaintiff's rights in the Protected Work and Defendants willfully and intentionally violated Plaintiff's rights in his Protected Work by using the protected work on the webpages created, owned, controlled and/or maintained by Defendants.

21. Defendants produced, reproduced, and/or prepared a derivative work, based upon Plaintiff's Protected Work or a derivative of Plaintiff's Protected Work without Plaintiff's consent and distributed, presented, and/or displayed Plaintiff's Protected Work or a derivative of Plaintiff's Protected Work. Defendants' acts violated Plaintiff's exclusive rights under the Copyright Act, including under 17 U.S.C. §§ 106 and 501. Defendants have violated Plaintiff's exclusive right to produce, reproduce, distribute copies of his Protected Work, and to create derivative works and to publicly display his Protected Work.

22. In addition to violating the Copyright Act, Defendants have violated the Digital Millennium Copyright Act by removing and/or obscuring Plaintiff's copyright management information from the Protected Work. For example, Defendants removed and/or obscured legible watermark with CMI and altered or removed embedded CMI metadata from the Protected Work, and also distributed the Protected Work knowing that CMI was removed. Defendants' actions violate 17 U.S.C. § 1202, *et. seq.* and entitle Plaintiff to civil remedies under 17 U.S.C. § 1203.

23. Defendants received direct financial benefit from the acts of infringement, to include at least, by avoiding payment of an appropriate license fee for the use of the Protected Work, and by procuring additional business and income because of the use of the Protected

6

Work.

# FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT AND VICARIOUS LIABILITY THEREFOR
### 17 U.S.C. §§ 106, *et seq.*

24. Paragraphs 1 through 23 are re-alleged and incorporated herein by reference.

25. Through the conduct alleged herein, Defendants have infringed Plaintiff's copyright and Protected Work in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

26. Defendants own, built, maintain, distributed to, and/or operate the short-term rental listings at these URLs: https://www.airbnb.com/rooms/32660728; https://www.airbnb.com/rooms/38543474; https://www.airbnb.com/rooms/34577159; Additionally, Defendants Crann, Van Lin and Does 1-5 controlled or had the right to control the content of the website listings or maintenance of content for the website listings.

27. Upon information and belief, Defendants copied, reproduced, prepared derivative work(s) based upon, distributed and/or publicly displayed Plaintiff's Protected Work and/or derivatives of Plaintiff's Protected Work at the Infringing URLs without Plaintiff's consent or permission. Alternatively, Defendants supervised, directed, approved, and/or controlled the copying, reproduction, preparation of derivative works based upon, distribution and/or public display of Plaintiff's Protected Work and/or derivatives of Plaintiff's Protected Work at the Infringing URLs without Plaintiff's consent or permission.

28. Defendants possessed an obvious and direct financial interest in the exploitation of Plaintiff's Protected Work as a result of Plaintiff's Protected Work appearing on the short-term rental listings found on the Airbnb website at the Infringing URLs. Upon information and belief, Defendants designed, maintained, contributed to and/or controlled the short-term rental listings for marketing and advertising purposes, to highlight Defendants' business, short-term

rental properties, and attract new customers, e.g., real-estate renters. Defendants used and misappropriated Plaintiff's Protected Work to help draw customers to the advertised short-term rental property, which constitutes a financial benefit. Additionally, Defendants possessed an obvious and direct financial interest in the exploitation of Plaintiff's Protected Work by avoiding the payment of proper licensing fees therefore or avoiding the costs associated with commissioning and creating such work.

29. Defendants had the right and ability to stop the acts of infringement, including by disabling the webpages, not approving use of the infringing image on the short-term rental listings found on the Airbnb website at the Infringing URLs or removing the infringing image from the website listings, but failed to do so, publicly displaying and publishing Plaintiff's Protected Work and engaging in other acts of copyright infringement instead.

30. An example of Defendants' infringement is illustrated by way of comparison of Plaintiff's Protected Work, shown in subparagraph a) below, and excerpts from one of the Defendants' short-term rental listings found on the Airbnb website at the Infringing URLs as referenced below in subparagraph b).



a)     © 2013 David Oppenheimer



b)     https://www.airbnb.com/rooms/32660728

31.     Defendants built, assembled, own, and/or operated the webpages and/or

9

controlled the content of short-term rental listings found on the Airbnb website at the Infringing URLs. Defendants have produced, reproduced, prepared a derivative work based upon, distributed and publicly displayed Plaintiff's Protected Work, a derivative of Plaintiff's Protected Work, and/or an image that was copied from and substantially similar to Plaintiff's Protected Work and/or an image that included or exhibited copying, by Defendants, of the constituent elements of Plaintiff's Protected Work that are original, without Plaintiff's consent or permission on this website.

32. Defendants had actual or constructive knowledge of Plaintiff's rights in the Protected Work, based at least upon the presence of copyright management information on and within the Protected Work (i.e., including Plaintiff's watermarks or metadata), and Defendants had actual or constructive knowledge that their actions constituted infringement of Plaintiff's rights in the subject copyrighted photographs. Defendants knew or should have known that their actions were infringing Plaintiff's copyright.

33. With actual or constructive knowledge of Plaintiff's copyright and in reckless disregard for Plaintiff's copyright, Defendants engaged in acts of copyright infringement through the short-term rental listings found on the Airbnb website. Despite the presence of a legible watermark, metadata, and captions identifying Plaintiff as the copyright owner and placing Defendants on notice of Plaintiff's copyright in the Protected Work, Defendants willfully, intentionally, and purposefully copied, displayed and/or distributed Plaintiff's Protected Work in disregard of and with indifference to Plaintiff's rights in the subject Protected Work.

34. Defendants' acts of infringement were willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights in the subject Protected Work.

35. As a direct and proximate result of Defendants' infringement, Plaintiff is entitled

to damages in an amount to be proven at trial.

36. Plaintiff is entitled to damages, including statutory damages pursuant to 17 U.S.C. § 504, and enhanced damages under 17 U.S.C. § 504(c)(2) as a result of Defendants' willful copyright infringement.

37. Plaintiff is further entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF 17 U.S.C. § 1202, *et seq.*
## AND VICARIOUS LIABILITY THEREFOR

38. Paragraphs 1 through 37 are re-alleged and incorporated by reference herein.

39. Plaintiff's Protected Work included certain information constituting copyright management information under 17 U.S.C. § 1202. For example, Plaintiff's Protected Work, as displayed on his website, included certain CMI (e.g., a watermark and certain metadata) which constituted copyright management information under 17 U.S.C. § 1202.

40. In conjunction with Defendants' acts of copyright infringement, such as copying, distributing, and publicly displaying Plaintiff's Protected Work on the short-term rental listings found on the Airbnb website, Defendants intentionally removed, altered and/or obscured Plaintiff's copyright management information (i.e., a watermark and metadata with notices of copyright) related to certain unauthorized use the Protected Work, including uses shown in Exhibit 3. For example, Plaintiff's CMI watermark and metadata were removed from or cropped out of the Protected Work when it was distributed and publicly displayed on the short-term rental listings found at the Infringing URLs.

41. Defendants' acts of altering or removing Plaintiff's CMI from the Protected Work and subsequent distribution violate 17 U.S.C. § 1202, *et. seq.*, including at least 17 U.S.C. §§

11

1202(b)(1) and (3), and entitle Plaintiff to civil remedies under 17 U.S.C. § 1203.

42. Defendants, including Defendants Crann, Van Lin, and Defendant Does 1-5, had the right and ability to control and to stop the acts of obscuring or removing Plaintiff's CMI from the Protected Work, including by disabling the webpages, not approving use of the infringing image on short-term rental listings found on at the Infringing URLs or removing the infringing image from the website, but Defendants failed to do so.

43. Defendants possessed an obvious and direct financial interest in the removal of Plaintiff's CMI from the Protected Work as it permitted exploitation of Plaintiff's Protected Work, without being immediately detected, as a result of Plaintiff's Protected Work being distrusted to and displayed at the Infringing URLs. Upon information and belief, Defendants designed, maintained, contributed to, and/or controlled the short-term rental listings found on the Airbnb website at the Infringing URLs for marketing and advertising purposes, to highlight its business and attract new customers, e.g., real-estate renters. The removal of Plaintiff's CMI allowed Defendants to use and misappropriate Plaintiff's Protected Work to help draw customers to Defendants business and properties without immediate detection, which constitutes a financial benefit for Defendants. Additionally, Defendants possessed an obvious and direct financial interest in the exploitation of Plaintiff's Protected Work by avoiding the payment of proper licensing fees therefore or avoiding the costs associated with commissioning and creating such works.

44. As a direct and proximate result of Defendants' wrongful acts, Plaintiff is entitled to damages in an amount to be proven at trial. Plaintiff is entitled to damages, including at least statutory damages, pursuant to 17 U.S.C. § 1203.

45. Plaintiff is further entitled to his attorney's fees and full costs pursuant to 17

U.S.C. § 1203 and otherwise according to law, together with prejudgment and post-judgment interest.

46. As a direct and proximate result of Defendants' forgoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Finding that Defendants have infringed Plaintiff's copyright.

2. Providing that Defendants are required to provide a full accounting to Plaintiff for all profits derived from their use of Plaintiff's copyrighted material and its production, reproduction, and preparation of derivative works based on, distribution and display of the unauthorized use of Plaintiff's Protected Work in all media.

3. Providing that Defendants are permanently enjoined from all other infringement of Plaintiff's Protected Work.

4. Ordering Defendants to pay Plaintiff statutory damages under the Copyright Act, including pursuant 17 U.S.C. § 504.

5. Ordering Defendants to pay Plaintiff enhanced damages under the Copyright Act, including pursuant 17 U.S.C. § 504, associated with Defendants' willful infringement and an award of costs and attorney's fees.

6. Finding that Defendants' acts violated 17 U.S.C. § 1202, *et. seq.*, including at least 17 U.S.C. §§ 1202(b)(1) and (3) and entitle Plaintiff to civil remedies under 17 U.S.C. § 1203(c)(3)(B).

7. Ordering Defendants to pay Plaintiff statutory damages for each violation pursuant 17 U.S.C. § 1203(c)(3)(B), including an award of costs and attorney's fees.

8. Providing a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assignees, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiff's copyright(s).

9. Ordering that Defendants pay Plaintiff pre and post judgement interest on all applicable damages.

10. Providing such other relief as the Court may deem equitable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

December 18, 2024                                         Respectfully submitted,

                                                                           *s/ Jason A. Pittman*
Jason A. Pittman (Fed Id. 10270)
Dority & Manning, P.A.
P. O. Box 1449
Greenville, SC 29602-1449
(864) 271-1592
(864) 233-7342 (facsimile)
jpittman@dority-manning.com
***Attorneys for Plaintiff***